IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| v. ) | No. 3:07-CR-352-M |
| ) | |
| MELVIN WIAND, ) | |
|     Defendant. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

Before the Court is Petitioner's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

Petitioner pled guilty under a plea agreement to one count of receipt of child pornography and was sentenced to 132 months in prison and ten years supervised release. On direct appeal, Petitioner's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). On June 16, 2010, the Fifth Circuit Court of Appeals dismissed the appeal as frivolous.

On October 14, 2010, Petitioner filed his first habeas petition pursuant to 28 U.S.C. § 2255. *Wiand v. United States*, Nos. 3:10-CV-1420-M and 3:07-CR-352-M (N.D. Tex.). On March 27, 2012, the district court denied the petition on the merits. On November 6, 2012, the Fifth Circuit denied a certificate of appealability.

On April 21, 2015, Petitioner filed the instant motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). He claims government agents forged the consent to search form in his case and, as a result, he was convicted by the use of illegally obtained evidence.

## II. Discussion

Although Petitioner filed his claims under Fed. R. Civ. P. 60(b), he actually seeks to attack his criminal judgment. The Court should therefore recharacterize the pleading as a motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence."); *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990) (same).

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2241 and 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another motion for post-conviction relief is

filed.

### III. Recommendation

The Court hereby recommends that Petitioner's April 21, 2015, motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) be construed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, and that the Clerk of Court be directed to open a new civil action pursuant to § 2255 (nature of suit 510). The Court also recommends that the § 2255 motion be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 28th day of April, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**
A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).